UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:

KEVIN DANIEL CREEDEN,   CASE NO.:  10-31225-LMK
                        CHAPTER: 7
　　　Debtor.
_____/

### ORDER DENYING AS MOOT MOTIONS TO AVOID JUDICIAL LIENS

THIS MATTER is before the Court on the Debtor's Motions to Avoid Judicial Liens of American Express (Doc. 9), Central Credit Union (Doc. 10), PHH Mortgage (Doc. 11), Renna Enterprises (Doc. 12), and Lyon Financial (Doc. 13).  The Motions request that the Court enter orders avoiding judicial liens against "[e]xempt property including homestead, household furnishings, household goods as defined in 11 U.S.C. §522(f)(4)(A), wearing apparel, appliances, or jewelry that are held primarily for the personal, family, or household use of the debtor."

Section 522(f) of the Bankruptcy Code allows a debtor to avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled, if such lien is a judicial lien, other than a judicial lien that secures a debt for a domestic support obligation, or a nonpossessory, nonpurchase-money security interest in specifically delineated items identified in 11 U.S.C. § 522(f)(1)(B)(i)-(iii).  11 U.S.C. § 522(f)(1).  The term "judicial lien" is defined in 11 U.S.C. § 101(36) to mean a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." A judicial lien may be avoided as to any type of property claimed as exempt on Schedule C.  A nonpossessory, nonpurchase-money security interest may be avoided only as to (i) household furnishings, household goods [further defined in § 522(f)(4)], wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal,

family, or household use of the debtor or a dependent of the debtor; (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or (iii) professionally prescribed health aids for the debtor or a dependent of the debtor. 11 U.S.C. §§522(f)(1)(B)(i)-(iii).

In Florida, a "judgment, order, or decree becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judicial lien record in the county." A judgment lien on personal property acquired after 2001, is "acquired by filing a judgment lien certificate in accordance with [Fla. Stat.] § 55.203 with the Department of State." § 55.202(2)(a) Fla. Stat. (2010). On the other hand, a nonpossessory nonpurchase-money lien is created at the time of consent to the underlying contract and is only perfected by the filing of a financing statement in the Florida Secured Transactions Registry (See §§679.3101(1) and 679.5011(1)(b) Fla. Stats. (2010)).

In the case before the court the Debtor has filed motions to avoid judicial liens which request the avoidance of alleged liens against both real and personal property for judgments recorded only in the county records. The Debtor's Schedule A reflects that the only real property he possesses any legal, equitable, or future interest in is a 1993 Fleetwood 48x24 Mobile home, home only and the Debtor does not own the land. As I noted in *In re Speights*, 131 B.R. 205 (Bankr. N.D. Fla. 1991), a mobile home owned by the debtor but situated on top of property not owned by the Debtor, is personal property and not real property.[1] Because the Debtors have not

---

[1] Even if the mobile home were real property, the Debtor's current street address is indicated to be in Escambia County, Florida. The Debtor's statement of financial affairs indicates that within one year prior to the petition the Debtor was a party to a foreclosure action in Wakulla County, Florida, and that property was sold at a foreclosure sale. Accordingly, the real property would appear to be located in Escambia County. The Motions to Avoid Judicial Liens of American Express (Doc. 9), Central Credit Union (Doc. 10), and PHH Mortgage/Mortgage Servicing (Doc. 11) all seek to avoid alleged liens recorded in the Official Records of Wakulla County, Florida. The Motions to Avoid Judicial Liens of Renna Enterprises (Doc. 12) and Lyon Financial (Doc. 13) seek to avoid alleged liens recorded in the Official Records of Polk County, Florida. Had the mobile home been real property and properly claimed as exempt on Schedule C, none of the alleged liens would impair or create the appearance of an impairment on the Debtor's real property claimed as exempt, because the exempt property is located in Escambia County, Fla.

identified any judgment lien certificates filed with the Department of State, as is required to obtain a lien on personal property under Section 55.202(2)(a), Florida Statutes, there are no liens that impair exempt personal property. Accordingly, it is hereby:

ORDERED and ADJUDGED that the Debtor's Motions to Avoid Judicial Liens of American Express (Doc. 9), Central Credit Union (Doc. 10), PHH Mortgage (Doc. 11), Renna Enterprises (Doc. 12), and Lyon Financial (Doc. 13) are DENIED as MOOT.

DONE and ORDERED in Tallahassee, Florida this  2nd  day of August, 2010.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest